BANCO TERRITORIAL Y AGRÍCOLA, Plaintiff and Appellee, *v.* MUNICIPALITY OF SANTA ISABEL, Defendant and Appellant.

No. 6201.   Argued December 18, 1934.—Decided July 19, 1935.

*Leopoldo Tormes García* for appellant. The appellee did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

The Banco Territorial y Agrícola de Puerto Rico brought suit in 1929 against Alfonso Lastra Chárriez and the Municipality of Santa Isabel, to establish their solidary liability for a certain sum. Lastra Chárriez did not answer the complaint and judgment was entered against him by default. The municipality appeared and demurred to the complaint for failure to state facts sufficient to constitute a cause of action against the municipality. This demurrer was overruled by the court but was later reproduced in defendant's answer. After a trial was had, the court entered judgment against the municipality adjudging it to pay the amount claimed.

The appellee has not appeared in the appeal which the municipality took from that judgment. The appellant maintains as a first ground for reversal of the judgment that the court below erred in overruling the demurrer to the complaint.

The facts set forth in the complaint are as follows: That Alfonso Lastra Chárriez subscribed and delivered to the Banco Territorial y Agrícola de Puerto Rico, on May 17, 1926, a promissory note in which he recognized that he had received from the bank the sum of $1,500, which he promised to pay on August 31 of the same year. That in such promissory note the debtor made the following statement: "To guarantee this obligation I charge *(afecto)* a credit for $1,500 which I hold against the Municipality of Santa Isabel, P. R., which credit is recognized according to ordinance of May 15, 1926, and the bank is hereby authorized to cancel this instrument as soon as it shall have received the corresponding check." That Lastra Chárriez delivered to the bank, together with the promissory note, a certified copy of an ordinance which is set forth in the complaint, according to

which two days before the date of the promissory note an ordinance was approved by the Municipal Assembly of Santa Isabel, recognizing a debt to Alfonso Lastra Chárriez in the sum of $1,500, it being provided that such credit would be included in the budget for the fiscal year 1926–1927, to be paid to him during the second fortnight in August 1926. That the promissory note had matured and had not been paid either by Lastra Chárriez or by the Municipality of Santa Isabel, in spite of the efforts made by plaintiff to collect the same. That the efforts of the plaintiff to get the municipality to give information as to whether the credit owing to Lastra Chárriez had been included in the budget had been fruitless. Upon these allegations, the bank prayed that both defendants be adjudged to pay jointly and severally (solidariamente) the aforesaid amount, with interest thereon.

From the facts set forth in the complaint no legal relationship whatever arises between the bank and the municipality whereby the municipality might be adjudged to pay the debt owing by Lastra Chárriez. The mere fact that Lastra Chárriez charged (afectó) the credit in question with the payment of his debt to the bank created no obligation upon the part of the municipality to pay the debt owing by Lastra Chárriez. Lastra did not assign his credit; he merely charged it, that is, encumbered it to guarantee his debt to the bank. There is no fact set forth by which the municipal assembly of Santa Isabel has obligated itself to pay. As the complaint is drafted, the municipality can not be adjudged to pay to the bank the claim which the bank has against Lastra Chárriez, and consequently the complaint does not state facts sufficient to constitute a cause of action against the municipality. Therefore, the court below committed the error assigned by appellant in not so holding, and the judgment against the municipality must be reversed and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.